Calvin KING, Plaintiff,

v.

David C. EVANS, Bobby York, Tommy York, Bruce Redding, Spalding County, Defendants.

Civ. A. No. C85–3745A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 30, 1986.

Ralph Goldberg, Atlanta, Ga., for plaintiff.

Victoria H. Soto, Asst. Atty. Gen., Atlanta, Ga., Richard L. Collier, Beck, Owen & Murray, Griffin, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on the renewed motion of defendant David C. Evans to dismiss the complaint as to him. This court, by order entered on March 25, 1986, specifically directed the plaintiff to file a more definite statement of the *factual* bases for his claim against defendant Evans, since from the original complaint it appeared that plaintiff's claim sounded entirely in a theory that defendant Evans was negligent. Plaintiff's response to this court's order was to file an amended complaint which in every essential is *in haec verba* with the amended complaint which this court ruled required clarification. The single exception is the addition by plaintiff in paragraph fourteen of the new amended complaint, filed April 9, 1986, of the word "recklessly" with regard to David Evans' conduct. Specifically, the plaintiff alleges that David Evans "ratified" conduct of the other defendants by "recklessly" failing to train and supervise officers of the Spalding County Correctional Institute.

The court is unsure exactly what plaintiff meant to convey by including the word "recklessly" in the complaint. Black's Law Dictionary, Fourth Edition, defines "reckless" as "careless, heedless, inattentive; indifferent to consequences." The Second Restatement of Torts, § 500, defines "reckless" as the intentional doing of an act or failure to do an act, which a reasonable man would know would create a certain or reasonably certain likelihood that adverse consequences would result.

These definitions of the adjective plaintiff has chosen to add to the complaint shed no additional light on the issue raised in this court's order of March 25, 1986. The Supreme Court held in *Daniels v. Williams*, —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) that "mere lack of due care by a state official" is insufficient as a basis for liability pursuant to 42 U.S.C. § 1983. Rather, the guarantee of due process applies only to "*deliberate* decisions of government officials to deprive a person of life, liberty, or property." —— U.S. at ——, 106 S.Ct. at 665 (emphasis in original). *See also Pembaur v. City of Cincinnati*, —— U.S. ——, 106 S.Ct. 1292, 89 L.Ed.2d 452 No. 84–1160 (1986) (municipal liability attaches under section 1983 only where officials make "a deliberate choice to follow a course of action from among various alternatives").

Because the Court held in *Daniels* that the need for due process attaches only where a "deliberate" decision has been made to deprive a person of life, liberty, or property, mere "carelessness" on the part of the defendant official is insufficient to establish liability. Instead, what is required is a showing that the defendant official acted "deliberately," a choice of words which implies both a volitional choice to act or not act, and an awareness that the act is certain or substantially certain to deprive the plaintiff of life, liberty, or property. *See* Restatement (Second) of Torts § 8A, Comment b; *Davidson v. Cannon*, —— U.S. ——, ——, n. 2, 106 S.Ct. 668, 673, n. 2, 88 L.Ed.2d 677 (Blackmun, J., dissenting). This is a different standard than showing mere "recklessness" on the part of the defendant official, which requires only proof that a reasonable man would have appreciated the great degree of risk. Restatement (Second) of Torts § 500, *supra*. In order for an act to be "deliberate," on the other hand, the particular *actor* must be shown to have been aware that adverse consequences from his action were certain or substantially certain. In *Davidson v. Cannon*, —— U.S. ——, 106 S.Ct.

668, 88 L.Ed.2d 677 (1986), a "reasonable man" might well have concluded that the plaintiff was endangered by the threatening note. Nevertheless, the Court held that no section 1983 liability would lie, since the plaintiff failed to allege that the defendants acted out of "deliberate or callous indifference" to plaintiff's needs. The Court focused on the defendants' conduct, not that of a "reasonable man." The choice of the word "deliberate" by the majority in *Daniels* is paralleled by the "deliberate indifference" standard of *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There, the Court held that in order for a prisoner to bring a section 1983 action under the eighth amendment relating to his medical needs, he must show that prison officials both knew of his needs and were deliberately indifferent to them. Similarly, the notion of a "deliberate" decision to deprive a person of life, liberty or property connotes *both* an awareness that a given act or inaction is certain or substantially certain to deprive a person of those rights *and* a decision to act or not act in spite of that knowledge. *See Daniels*, —— U.S. at ——, 106 S.Ct. at 666 (*Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) creates a section 1983 action due to "deliberate" decision of officials to deprive inmate of good-time credit).

■ For the foregoing reasons, the court concludes that plaintiff herein must establish a deliberate act or omission on the part of defendant Evans which Evans knew with substantial certainty would result in a prison guard under his control improperly using mace. This is not a "state of mind" requirement, rejected by the Court in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in the sense of requiring an intent to injure this plaintiff. Rather, this standard applies the holding in *Daniels* that something greater than a lack of ordinary care, indeed, a "deliberate" act, is necessary.

■ Nothing in plaintiff's sparse complaint states a claim under this standard. *See Taylor v. Ledbetter*, 791 F.2d 881 (11th Cir., 1986). Defendant Evans is entitled to know on what facts plaintiff bases his claim that defendant Evans is responsible under the standards of *Daniels* for the alleged excessive use of mace. This does not consist, as argued by plaintiff in his brief in opposition to the motion to dismiss, of a mere assertion of state statutory provisions. Rule 12(e) of the *Federal Rules of Civil Procedure* vests this court with the power to direct a more definite statement, and if "the order of the court is not obeyed within ten days after notice of the order" the court may strike the pleading in question. The court considers insertion of the word "recklessly" to be inadequate as a statement of the factual bases of plaintiff's claim against David Evans. Rule 11 of the *Federal Rules of Civil Procedure* contemplates that prior to filing the complaint plaintiff's counsel have some idea of what the factual basis is for his claim against a given defendant. It is that statement which this court requires in order to evaluate whether defendant Evans is properly included in this lawsuit.

The plaintiff is ORDERED within ten (10) days from the date of receipt of this order to file a pleading which lists in chronological order each action taken or not taken by defendant Evans, and the corresponding theory of liability, under the standards in this order, which arises from that action. The court can neither grant or deny defendant Evans' renewed motion to dismiss until the court has some indication as to what he allegedly did which resulted in his being a defendant in this lawsuit. The mere fact that, according to plaintiff's brief, defendant Evans receives a copy of the report on the use of force does not, under any theory which this court can think of, support liability under section 1983.

Defendant's renewed motion to dismiss is DENIED with leave to renew. It is apparent from reading that pleading that the defendants are as unaware as is the court of the factual bases for plaintiff's claim. The court readily concedes as plaintiff's counsel notes in his brief in opposition to the motion to dismiss that this is not a motion for summary judgment. However, section 1983 is becoming an area of the law in which over-inclusion of defendants is a

strong temptation. If the plaintiff is in possession of facts which would support a claim against defendant Evans, then they should be laid out so that the court may see them and thus justify putting defendant Evans to the expense and burden of going through discovery. It is incumbent upon the plaintiff, however, under this court's prior order and under the order issued today, to state the basis of the claim against defendant Evans.

In summary, defendant Evans' renewed motion to dismiss is DENIED with leave to renew. The plaintiff is ORDERED to take such action as is directed above within ten (10) days from the date of receipt of this order. If the plaintiff fails to take such action, the court will strike David Evans as a defendant to this action for failure of the plaintiff to comply with the court's order requiring a statement of the facts on which he bases his claim against defendant Evans.