**Elby WILLIAMS, Plaintiff–Appellee, Cross–Appellant,**

v.

**CITY OF ALBANY, a Municipal Corp., Nicholas M. Miezer, Defendants, Cross–Appellees,**

**Norman Denney, John Lodge, Jim Thurman, Defendants–Appellants, Cross–Appellees,**

**Joel Downs, Defendant.**

No. 90–8519.

United States Court of Appeals, Eleventh Circuit.

July 30, 1991.

Rehearing Denied Aug. 28, 1991.

---

Jerry W. Brimberry, Brimberry, Kaplan, Campbell & Donaldson, Albany, Ga., for Downs.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

A grand jury indicted plaintiff Elby Williams, a city police officer, for one count of sodomy. Because of the expiration of the statute of limitations, a *nolle prosequi* was entered at the request of the district attorney. During the interim between the indictment and the dismissal, Williams' employment was terminated.

Subsequently, Williams filed this suit against the City of Albany, the city manager, the police chief, and two city police officers, asserting a violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff alleged the defendant City employees had caused the issuance of the indictment, knowing that the allegations of witness Joel Downs, also a defendant, were false, for the purpose of obtaining plaintiff's termination from the City police department. Alternatively, Williams alleged the officers were negligent in their investigation of the facts. Plaintiff also alleged that the City terminated his employment without proper due process.

The district court denied the summary judgment to the police chief and the two officers on the ground that they are not entitled to qualified immunity. 738 F.Supp. 499. We reverse that decision. On plaintiff's cross-appeal of the district court's grant of summary judgment in favor of the City and the city manager, we affirm.

The purpose of good faith or qualified immunity is to protect state officials from the burden of *trial*, not just personal liability, for actions within their discretionary authority. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S.Ct. 2727,

Thomas S. Chambless, Albany, Ga., for defendants-appellants, cross-appellees.

Thomas E. Pujadas, Walters, Davis, Smith, Meeks & Pittman, P.C., Ocilla, Ga., for plaintiff-appellee, cross-appellant.

2738, 73 L.Ed.2d 396 (1982); *Andreu v. Sapp,* 919 F.2d 637 (11th Cir.1990). The denial of summary judgment based on a dispute of law as to the qualified or "good faith" immunity is therefore an immediately appealable order. *Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817–18; *Schopler v. Bliss,* 903 F.2d 1373 (11th Cir.1990). In *Howell v. Evans,* 922 F.2d 712 (11th Cir. 1991), the Court perceived the existence of a conflict in this circuit when the denial rests on the presence of a factual dispute. *See, e.g. Goddard v. Urrea,* 847 F.2d 765 (11th Cir.1988); and *cf. McDaniel v. Woodard,* 886 F.2d 311 (11th Cir.1989). In the present case, however, no further factual development of the record is required for us to determine the merits of the claims before us and we, therefore, have jurisdiction of this appeal.

▮▮ Plaintiff appellee initially argues that the defendants waived the affirmative defense of qualified immunity by not specifically asserting it in their answer to the complaint. To the contrary, defendants' responsive pleadings contained minimally sufficient averments of good faith and immunity to fulfill the duty of asserting the issue. Defendant's third defense in its responsive pleading provided: "These defendants show that all acts complained of were made in good faith ... and plaintiff is not entitled to recover herein." In any event, without an objection at the time, the defense of qualified immunity is sufficiently preserved when it is first raised and recognized in the pretrial order, as it was here. *Wilson v. Attaway,* 757 F.2d 1227, 1246–47 (11th Cir.1985).

▮▮ When reviewing the district court's denial of summary judgment based on a claim of qualified immunity, the Court considers the entire record. *Waldrop v. Evans,* 871 F.2d 1030, 1034 (11th Cir.1989). In reviewing the record, we view the evidence in a light most favorable to the party opposing summary judgment. *See Clark v. Coats & Clark Inc.,* 929 F.2d 604, 606–07 (11th Cir.1991) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)). A two-step analysis is used to review an appeal

from a summary judgment involving qualified immunity: *first,* the defendant public official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred; *second,* the plaintiff must show lack of good faith on the defendant's part. Lack of good faith may be proved by showing that the public official's actions violated clearly established constitutional law. *Hudgins v. City of Ashburn, Georgia,* 890 F.2d 396, 404–07 (11th Cir.1989), citing *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir.1983); and *Rich v. Dollar,* 841 F.2d 1558, 1563–64 (11th Cir.1988).

In this case there is no dispute that the defendants were acting within their discretionary authority as police officers during their investigation and at the time they presented the results of their investigation to the district attorney.

▮▮ In considering the good faith component of the cause of action, the courts apply an objective standard: whether a reasonable officer would have believed that his conduct violated plaintiff's clearly established rights. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523, 529 (1987); *Clark v. Evans,* 840 F.2d 876, 881 (11th Cir.1988). There are two parts to Williams' claim: one involving the falsity of the criminal charge, and the other involving the statute of limitations.

As to the first, there should be no question but that a citizen has a right to be free of official intentionally fabricated criminal charges. The district court held that factual issues existed as to whether the police officers intentionally fabricated criminal sodomy charges against plaintiff. The district court cited evidence that the investigators presented their case to the district attorney with knowledge that the credibility of the state's victim witness was in doubt.

The record shows that the victim witness had a history of alcoholism and drug use and had previously undergone psychiatric care. The record also shows that he may have had a desire to avoid prosecution on

other pending charges by cooperating with law enforcement officials.

Despite these circumstances, which might indicate a lack of credibility on the witness' part, there is no evidence in the record that the police officers knew with certainty that the statements by the victim witness were false. In fact, other than the problems of credibility with the charging witness, there is no evidence in the record that the allegations were in fact false, except for Williams own affidavit.

The plaintiff relies on the fact that the witness gave several contradictory statements concerning the alleged offense. There is, however, no evidence that the investigating officers created these statements. The officers merely presented the statements of a witness, whose credibility was doubtful, to the district attorney for his evaluation. The officers discussed the entire case, including its weaknesses, with the district attorney. While the credibility of the victim witness and his statements may have been in doubt, this does not necessitate keeping these statements from the grand jury, whose job it is to judge the credibility of witnesses during its determination of the existence of probable cause.

Despite the victim witness' lack of credibility, the grand jury returned an indictment against the plaintiff. This tends to support the defendants' assertion that despite the witness' personal shortcomings, his statement was one that could be believed. "If the facts supporting an arrest are put before an intermediate such as a magistrate or a grand jury, the intermediate's decision breaks the causal chain and insulates the initiating party." *Rodriguez v. Ritchey*, 556 F.2d 1185, 1193 (5th Cir. 1977) (en banc).

▇ We hold that evidence as to the incredibility of a witness presented to the prosecuting attorney, which witness is then presented to a grand jury, is insufficient to support a claim against a qualified immunity defense. The qualified immunity doctrine is intended to balance society's interest in providing a remedy for injured victims and discouraging unlawful conduct against the interest in enabling public officials to act independently and without fear of consequences. *Harlow*, 457 U.S. at 819, 102 S.Ct. at 2739-40. Once a witness tells a story which, if believed, would support criminal charges, society's interest swings in favor of the investigating officer presenting that witness to the proper authorities without fear of personal liability, absent subornation of perjury, as to which there is no evidence in this record.

Plaintiff has failed to make a showing, sufficient to overcome the claim of qualified immunity, that defendants' actions were of the type that a reasonable police investigator would know violated the suspect's clearly established constitutional rights. Reasonable police investigators must be secure in the knowledge that they can present evidence of a crime to the proper charging officials without worry of suit, so long as they do not fabricate evidence or submit evidence with certain knowledge of its falsity. There is no evidence that the individual officers intentionally submitted testimony they *knew* to be false or intentionally concealed material defects in the case. The district court erred when it determined that the record contained disputed facts which would preclude a summary judgment in favor of the defendants on the basis of qualified immunity.

▇ More troubling is the allegation that the police officers presented the case to the district attorney with the knowledge that the statute of limitations for the charge had expired. The record shows that the defendant officers knew that there might be a limitations problem and brought it to the attention of the district attorney. They should not be held personally liable for presenting this evidence to the district attorney who has the authority to make the ultimate decision whether to seek an indictment. Whether the statute of limitations bars a prosecution is a question of law. The officers properly deferred legal decisions to the district attorney.

▇ The district court properly denied plaintiff's claim against the officers for negligent investigation because an action seeking relief under 42 U.S.C. § 1983 re-

quires deliberate action by the defendant official. *See Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986), *citing Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *King v. Evans*, 640 F.Supp. 107, 108 (N.D.Ga.1986).

With respect to plaintiff's cross-appeal on the district court's grant of summary judgment in favor of the City of Albany and the city manager, Williams has failed to demonstrate any custom or policy on the part of the City which would preclude an entry of summary judgment. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The City may not be held accountable for a municipal policy on the basis of a single incident nor may liability exist on the theory of *respondeat superior*. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986); *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

For the reasons set forth in the district court's opinion, there was no error in granting defendants summary judgment on the claim that plaintiff was terminated without due process.

REVERSED and REMANDED in part; AFFIRMED in part.