716 F.2d 847
 Leo G. ZEIGLER, Plaintiff-Appellant,
v.
James JACKSON, Individually and in his official capacity as
Exec. Officer of the Alabama Peace Officer
Standards & Training Commission, Et Al.,
Defendants-Appellees.
 No. 82-7412
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 3, 1983.
 John L. Carroll, Montgomery, Ala., for plaintiff-appellant.
 Clyde C. Owen, Jr., Ball, Ball, Duke & Matthews, Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before HILL, JOHNSON and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Leo Zeigler originally brought this action against the Alabama Peace Officer Standards and Training Commission and its executive director alleging that their refusal to allow him to enter a police training program violated his constitutional rights. The district court granted the defendants summary judgment; the court of appeals reversed and remanded, 638 F.2d 776 (5th Cir. Unit B 1981). The Commission had ordered the city of Adamsville, Alabama to terminate Zeigler and had refused him admittance on the ground that he had been previously convicted of presenting a firearm and for criminal provocation. Alabama law requires that applicants and appointees for employment as law enforcement officers may not have been convicted of a felony, or a misdemeanor involving force, violence, or moral turpitude. Ala.Code Sec. 36-21-46(a)(5) (1975). The Commission apparently has discretion to waive this requirement and to allow an applicant to attend the academy or remain on a police force while awaiting training. Zeigler v. Jackson, 638 F.2d at 778. The appellate court held that the Commission violated plaintiff's equal protection rights when it ordered plaintiff's discharge from the Adamsville police department. Id. at 779-80.
 
 
 2
 On remand, plaintiff joined the mayor of Adamsville, the city councilmen, and the police chief as defendants (the "Adamsville" defendants) after they refused to rehire plaintiff as a police officer. After a trial, the district court found that the Adamsville defendants had not violated plaintiff's constitutional rights and that the state officers were immune from a damage award. The district court awarded attorney's fees to the attorneys who had represented the Adamsville defendants and to plaintiff's counsel on the claim against the state defendants. We affirm.
 
 
 3
 The underlying facts of this action are not disputed. While employed as a patrolman by the Adamsville Police Department, plaintiff performed the full range of duties expected of a police officer. These duties included arresting persons for disorderly conduct, forcibly subduing persons, directing traffic, riding in a patrol car on a regular basis, standing for long periods of time, sitting for extensive periods, and assisting the fire department. In November 1977, the city discharged plaintiff at the order of the Commission but retained Zeigler as a radio dispatcher. His duties as a radio dispatcher involved sitting in front of a telephone waiting for complaints and dispatching patrolmen to answer them.
 
 
 4
 In October 1978, Zeigler experienced a recurrence of back problems which resulted in his inability to continue his duties as a radio dispatcher. Plaintiff was hospitalized and unable to work until May 1979. The city held his job open for him during this period. In response to the city's inquiry into the state of plaintiff's health in April 1979, Dr. Thomas L. Windham advised that Zeigler was totally disabled. As a result of receipt of this information, Mayor Adams terminated plaintiff but indicated his willingness to consider Zeigler for reemployment at such time as he was physically able to work. Dr. Windham prepared another status report on Zeigler's condition dated May 31, 1979 in which the neurosurgeon cleared plaintiff for work which avoided heavy lifting and sitting or standing for long periods.
 
 
 5
 After the court of appeals' decision, Zeigler's counsel wrote Mayor Adams on June 12, 1981 requesting that he offer Mr. Zeigler immediate reemployment. Thomas King, the Adamsville City Attorney, responded that the city was unable to accept Mr. Zeigler for employment at that time.
 
 
 6
 Plaintiff asserts that he has a property interest in his employment as a police officer which the Adamsville defendants have taken from him without due process of law. Zeigler argues that Adamsville City Ordinance 290, which establishes a grievance procedure, and other representations by city officials create a property interest. The grievance procedure does not establish any grounds upon which a dismissal must be based or indicate that a city employee may be dismissed only for cause and thus does not create a property interest in plaintiff's employment as a police officer. See Ogletree v. Chester, 682 F.2d 1366 (11th Cir.1982); McMillian v. City of Hazlehurst, 620 F.2d 484 (5th Cir.1980); United Steelworkers of America v. University of Alabama, 599 F.2d 56, 59-61 (5th Cir.1979). Even if plaintiff possessed a property interest in his renewed employment, we conclude that the Adamsville defendants did not violate plaintiffs' due process rights by rationally refusing to rehire Mr. Zeigler in view of health problems which would have adversely affected, if not prevented, performance of the job's duties. See Brenna v. Southern Colorado State College, 589 F.2d 475, 477 (10th Cir.1978).
 
 
 7
 Appellant asserts that the prior decision of the court of appeals that the Commission violated his equal protection rights entitled him to a damage award from the state defendants. In Harlow v. Fitzgerald, --- U.S. ----, 102 S.Ct. 2727, 2736-39, 73 L.Ed.2d 396 (1982), the Supreme Court held that public officials whose positions entail the exercise of discretion enjoy qualified immunity from personal liability in Section 1983 actions. In order to establish this good faith defense, a defendant must show that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Douthit v. Jones, 619 F.2d 527, 533 (5th Cir.1980). Once the defendant establishes his good faith, the burden shifts to the plaintiff to show lack of good faith. See Saldana v. Garza, 684 F.2d 1159, 1163 (5th Cir.), cert. denied, --- U.S. ----, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1982).
 
 
 8
 In order to show that a defendant exercising broad discretionary power lacked good faith, plaintiff must prove that the defendant's actions violated clearly established constitutional law. Harlow v. Fitzgerald, --- U.S. ----, 102 S.Ct. at 2738. In the case at bar, Zeigler had been convicted of two offenses which involved force or violence. Alabama law facially prohibits admittance to a police training program to a person with such convictions. Ala.Code Sec. 36-21-46(a)(5) (1975). The district court found that the members of the Commission acted in good faith and that they reasonably believed that they were required to deny plaintiff's application for police training. We hold that this finding of fact is not clearly erroneous and that the district court therefore correctly concluded that the state defendants were not subject to an award of monetary damages. See Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); Dowdell v. City of Apopka, 698 F.2d 1181, 1185 (11th Cir.1983); Fed.R.Civ.P. 52(a).
 
 
 9
 Appellant also argues that the district judge abused his discretion in awarding attorney's fees to the lawyers for the Adamsville defendants. The district court concluded that plaintiff's action was "frivolous, unreasonable, or without foundation," justifying assessment of fees. Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). An appellate court cannot set aside an award of attorney's fees absent a finding that the district court clearly abused his discretion. Dowdell v. City of Apopka, 698 F.2d at 1187. A careful review of the record reveals that the district court could properly conclude that plaintiff's action was frivolous and without foundation, thereby justifying the award.
 
 The judgment of the district court is
 
 10
 AFFIRMED.