**AMTRECO, INC., et al., Plaintiffs,**

**v.**

**O.H. MATERIALS, INC.,
et al., Defendants.**

**Civ. A. No. 90–65–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Oct. 13, 1992.

Berrien L. Sutton, Homerville, Ga., for plaintiffs.

Frank L. Butler, III, Macon, Ga., Daniel S. Reinhardt, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court are a motion for summary judgment filed by defendants Smith, Jackson, and Ford ("federal defendants") and a motion for leave to amend the complaint filed by plaintiffs.[1] After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

This case was originally filed by plaintiffs in superior court on August 27, 1990, and was removed by defendants to this court on September 12, 1990. It has been partially consolidated with two other cases, *United States v. Amtreco*, 90–31–VAL(WDO) and *United States v. Dickerson*, 91–128–VAL(WDO). All three cases are related to a cleanup operation conducted by defendants between July, 1987, and March, 1988, on plaintiffs' property.

In this action, plaintiffs have made several allegations against defendant O.H. Materials, Inc. (the private contractor that conducted the cleanup operation), and the federal defendants (employees of the Environmental Protection Agency ("EPA") who supervised the cleanup operation). In their complaint, plaintiffs allege that defendants engaged in false swearing, conversion, intentional property damage, RICO violations, and conspiracy to deprive them of equal protection in violation of § 1983. These acts were allegedly done to inflate recoverable costs of the cleanup operation.

By order of September 13, 1990, the United States was substituted for the federal defendants on all state tort claims and was subsequently dismissed from this action. Then, by order of March 12, 1992, the RICO claim was dismissed against the federal defendants. However, after plaintiffs asked the court to interpret their remaining claims as *Bivens* due process claims

---

1. The court notes that defendant O.H. Materials, Inc. has also filed a motion for summary judgment. This motion will be addressed in a separate order.

against the federal defendants, the court held that plaintiff's complaint, through a very liberal reading, was sufficient to establish a *Bivens* claim.

The federal defendants have now filed a motion for summary judgment, claiming that they are entitled to qualified immunity from all remaining claims and that these claims are barred by the statute of limitations. Plaintiffs filed a motion for leave to amend their complaint on July 10, 1992, in addition to their response to defendants' motion. In their proposed amendment, plaintiffs provide greater detail of their due process and equal protection claims against defendants. They also allege that they were prevented from discovering that these constitutional violations had occurred prior to the filing of the CERCLA action because defendants failed to file the administrative record at the time of the cleanup.

## DISCUSSION

There are two basic claims remaining in this case against the federal defendants. First, plaintiffs allege that the federal defendants conspired to and did commit various tortious acts against them during the CERCLA cleanup operation of plaintiffs' property and that these various acts amount to a constitutional violation of plaintiffs' due process rights. Second, plaintiffs allege that the federal defendants violated their rights to equal protection when defendants utilized a cleanup method that was very different from and far more expensive than the methods used to clean other similar sites.

The federal defendants contend that they are entitled to summary judgment based upon qualified immunity and the statute of limitations. Plaintiffs oppose the motion and have filed a motion for leave to file an amended complaint. For purposes of defendants' summary judgment motion, the court will treat plaintiffs' proposed amendment as if it had been filed.

■ When a defendant asserts qualified immunity, the first inquiry for the court is to determine whether plaintiffs have stated a claim for a constitutional violation. *Siegert v. Gilley*, — U.S. —, 111 S.Ct.

1789, 114 L.Ed.2d 277, *reh. den.*, — U.S. —, 111 S.Ct. 2920, 115 L.Ed.2d 1084 (1991). Plaintiffs have failed to meet this initial test.

■ In their proposed amendment, plaintiffs have attempted to recharacterize a group of state tort claims into one big "due process" claim. Plaintiffs made this attempt in order to circumvent sovereign immunity. Apparently, plaintiffs contend that when a defendant allegedly commits a large number of state torts, defendant's conduct is so "shocking to the conscience" that it constitutes a due process violation. Such creative pleading cannot overcome a motion for summary judgment. *Daniels v. Wiliams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ In addition, plaintiffs' proposed amendment alleges that defendants violated CERCLA and other procedural requirements during the cleanup operation. Any allegations concerning defendants' failure to meet CERCLA requirements should be raised in the CERCLA recovery action (*United States v. Amtreco, Inc.*, 90–31–VAL(WDO)); therefore, defendants' alleged failure to comply with CERCLA does not create a due process violation.

■ Plaintiffs' equal protection claim also does not state a constitutional violation. Plaintiffs contend that defendants treated the cleanup of their property differently from that of similar properties because plaintiff Dickerson is wealthy, because plaintiff Amtreco is a wood-treating facility, and because plaintiffs have contested the EPA action. Plaintiffs are not members of a suspect class under any of these classifications; therefore, the government merely has to show a rational basis for its action.

■ In *Biscayne Fed. Sav. & Loan Ass'n v. Federal Home Loan Bank Board*, 572 F.Supp. 997 (S.D.Fla.), *rev'd in part on other grounds*, 720 F.2d 1499 (11th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984), the district court dealt with a situation analogous to that in this case. In *Biscayne*, a savings

and loan institution claimed that its equal protection rights were violated when the Federal Home Loan Bank Board ("FHLBB") placed it in receivership but did not place other insolvent institutions in receivership.

The court held that the equal protection claim failed because "where Congress has left to agency discretion the decision of how to deal with insolvent associations Plaintiff cannot complain that it received harsher treatment than did another insolvent association." *Id.* at 1043. The court found that plaintiff needed to allege that the receivership decision had an "invidious basis such as race" to state a valid equal protection claim. Mere "[u]neven treatment does not constitute invidious intent or discriminatory purpose." *Id.*

Likewise, in the case at bar, Congress, through CERCLA, has given the EPA discretionary authority over how to conduct a cleanup operation. An allegation of "uneven treatment" is insufficient to constitute an equal protection violation.

In addition, even if plaintiffs had stated a sufficient constitutional violation, defendants would be entitled to qualified immunity:

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The burden is upon plaintiffs to show that defendants violated a clearly established right, *Zeigler v. Jackson,* 716 F.2d 847 (11th Cir.1983), and plaintiffs in this case have failed to carry this burden. Assuming that plaintiffs had constitutional rights protecting them from the alleged wrongful conduct of the federal defendants, these rights are obviously not clearly established. General theories of due process are not sufficient in this inquiry. Accordingly, the federal defendants have qualified immunity from all remaining claims against them and are entitled to summary judgment.

Because defendants are entitled to qualified immunity, it is unnecessary to reach defendants' statute of limitations argument. Accordingly, summary judgment in favor of defendants Smith, Jackson, and Ford is GRANTED. Furthermore, the above discussion shows that plaintiffs' proposed amendment is futile in this case. Accordingly, plaintiffs' motion for leave to amend is DENIED.

SO ORDERED.