Alan R. KUBANY, by his next friend and mother, Patricia A. KUBANY, individually and as a member of a class, Plaintiffs,

v.

The SCHOOL BOARD OF PINELLAS COUNTY, Lee Benjamin, Corinne Freeman, Barbara Crockett, Susan Latvala, Linda S. Lerner, John Sanguiner, Andrea M. Thacker, J. Howard Hinesley, Nancy J. Zambito, and Ed Evans, individually and in their official capacities, Defendants.

No. 92–1970–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

April 13, 1993.

Michael Leo Kinney, Kinney, Fernandez & Boire, P.A., Tampa, FL, for plaintiffs.

William A. Kebler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, FL, Bruce P. Taylor, Law Office of Bruce P. Taylor, Largo, FL, for School Bd. of Pinellas County, Florida.

William A. Kebler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, FL, Robert George Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for J. Howard Hinesley, Jr., Nancy S. Zambito, Ed Evans.

William A. Kebler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, FL, for Lee Benjamin, Corinne Freeman, Barbara J. Crockett, Susan Latvala, Linda S. Lerner, John Sanguinelt, Andrea M. Thacker.

### ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTION, DECLARATORY RELIEF AND DAMAGES

KOVACHEVICH, District Judge.

This cause came before the Court on Defendants' Motions to Dismiss, filed on January 5, 1993, and March 9, 1993. The Motions for More Definite Statement and to State Complaint in Separate Counts with respect to Plaintiff's first complaint filed on January 5, 1993, were denied, as moot, since Plaintiff has amended his complaint and set forth his allegations in multiple claims and with much greater clarity.

### BACKGROUND INFORMATION

Plaintiff is a student at Clearwater High School which is governed by the Pinellas County School Board. On October 9, 1992, Plaintiff consumed alcohol and then attended a high school football game. At the game, he

admitted to the principal of his school, Defendant, ED EVANS, that he had been drinking prior to attending the school function. On October 12, 1992, Plaintiff was suspended from attending school for five (5) days by the principal for violating the following provision which is contained in the School Board's Code of Student Conduct:

(b) MISCONDUCT WITH MANDATORY PENALTIES:

. . . . .

2. **Illegal Drugs,** items represented to be illegal drugs, drugs for which the student does not have a valid prescription, alcohol or intoxicating beverages, or other illegal or harmful substances. The use of illicit drugs and the unlawful possession and use of alcohol is wrong and harmful.

a. Being under the influence of, the use of, or possession of illegal drugs, materials, substances, drug paraphernalia, or alcoholic beverages on school property or at school functions, including, but not limited to, the bringing of such items to school for another person or having such items on one's person or one's personal effects or placing such items in a locker, desk, or other hiding place shall be considered prohibited conduct.

. . . . .

c. When a student has been found to have violated 2(a), the principal may recommend a (10) ten-day suspension with a recommendation for expulsion when the circumstances warrant. If the principal does not establish that the circumstances warrant expulsion, the principal shall suspend the student for five days in an out-of-school suspension. Referral shall be made to the appropriate law enforcement agency for a drug offense. Before being permitted to return to school, the student's parent/guardian shall be required to have a conference with the principal or his designee, during which conference the parent/guardian *may* guarantee to school authorities that the student shall be enrolled in an approved drug or alcohol treatment program. *If the parent/guardian agrees to the above stipulation, the suspension shall be reduced to (3) three days.* If the parent/guardian does not agree to the above stipulation and/or submit evidence of successful completion of the treatment pro-

gram, the original (5) five-day suspension shall be enforced. (emphasis added)

Plaintiff's First Amended Complaint for Injunction, Declaratory Relief and Damages is a class action suit on behalf of the approximate 96,100 students who are enrolled in the public schools of Pinellas County, Florida and subject to the provisions of the Code of Student Conduct. The Plaintiff's First Amended Complaint contains the following claims:

1. *Count One*—Plaintiff contends that he was denied due process in his suspension because there was no evidence that Plaintiff was under the influence of alcohol.

2. *Count Two*—Plaintiff has been denied equal protection because other students who had been drinking, but were not under the influence of alcohol at school functions, were sent home instead of being punished in accordance with the Code.

3. *Count Three*—The appeal procedure under the Code is fundamentally flawed because a provision of the Code states that the School Board and Administration shall support the disciplinary decisions of the principal. Plaintiff contends that this provision requires the School Board and Administration to approve all decisions of its principals, whether right or wrong.

4. *Count Four*—Plaintiff alleges that employees of the Pinellas County School System involved in the disciplinary appeals process have received inadequate training in due process.

5. *Count Five*—The Code provision permitting students to attend a drug or alcohol treatment program as part of their suspension violates substantive due process since students are illegally coerced to enter treatment programs where there is no medical necessity.

6. *Count Six*—Plaintiff alleges that this provision violates Sec. 396.151, Florida Statutes, which pertains to the giving of false information or having insufficient probable cause to secure an order for the treatment of another for alcohol abuse.

7. *Count Seven*—Plaintiff alleges that this provision also violates Sec. 397.056, Florida Statutes, which is similar to Sec.

396.151, but relates to the involuntary treatment for drug abuse.

8. *Count Eight*—Plaintiff contends that referring students to alcohol or drug treatment is a sentence of imprisonment or penalty not provided for by law in contravention of Article I, Section 18 of the Florida Constitution.

9. *Count Nine*—Plaintiff alleges that he has been stigmatized because the subject provision of the Student Code classifies alcohol as an illegal drug.

### DISCUSSION

#### I. *SUITS AGAINST DEFENDANTS IN INDIVIDUAL AND OFFICIAL CAPACITIES*

■ Government officials may be sued directly under 42 U.S.C. Section 1983; however, they enjoy qualified immunity if they have acted in good faith in carrying out their duties. *Kentucky v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985). The plaintiff has the burden of showing that the government officials were performing discretionary functions, and that their conduct was objectively unreasonable because it violated clearly-established statutory or constitutional rights of the plaintiff which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (citations omitted); *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir.1983). If the plaintiff fails to carry this burden, then the defendants, in their individual capacities, are entitled to a judgment in their favor. *Busby v. City of Orlando,* 931 F.2d 764 (11th Cir. 1991).

■ As more fully discussed below, Plaintiff has alleged the prima facie elements for a Sec. 1983 claim against Defendants in their individual capacities. In addition, Plaintiff has alleged that Defendant, ED EVANS, selectively enforced the mandatory penalties set forth in the Code of Student Conduct, and that members of the School Board approved his disciplinary decision without an independent investigation. Both of these allegations may indicate a lack of good faith with respect to the Plaintiff's suspension. Therefore, until the record in this case is more fully developed, the Court finds that there is a material issue of fact with respect to whether Defendants acted in good faith which precludes a dismissal of the claims against Defendants individually on the basis of qualified immunity at this stage of the proceedings.

■ Plaintiff has conceded in his brief that the joinder of Defendants in their official capacities was improper since the School Board has been sued directly in this action. Therefore, the complaint is dismissed with prejudice as to Defendants, LEE BENJAMIN, CORINNE FREEMAN, BARBARA CROCKETT, SUSAN LATVALA, LINDA S. LERNER, JOHN SANGUINER, ANDREA M. THACKER, J. HOWARD HINESLEY, NANCY S. ZAMBITO, and ED EVANS, in their official capacities only.

#### II. *CLASS REPRESENTATION*

Defendant has argued that Plaintiff is not a proper representative of the class. Also, Defendant contends that the class which is similarly situated to Plaintiff is limited to those students who have violated the Code with respect to alcohol, as opposed to all of the students in the Pinellas County School System. These argument are premature under Rule 23, Federal Rules of Civil Procedure, and Local Rule 4.04 and will not be considered by the Court at this time.

#### III. *COUNTS ONE, TWO, THREE AND FOUR*

■ In order to state a cause of action under Section 1983, Plaintiff must allege that Defendants, in their individual capacities, violated a constitutional right of Plaintiff while acting under color of state law and that the individuals were responsible for establishing final government policy with respect to a particular activity. *Arnold v. Board of Education of Escambia County, Alabama,* 880 F.2d 305, 315–16 (11th Cir.1989). Additionally, in order to state a cause of action against the School Board, Plaintiff must allege that the acts complained of were in furtherance of an official policy or custom of the School Board.

■ Plaintiff has alleged that several of his constitutional rights have been violated

by Defendants while they were acting under color of state law. Also, Plaintiff has provided this Court with a copy of the Code of Student Conduct which is distributed to all of the students in the Pinellas County School System. The Code provides on page vi that "it is the intent of the School Board to implement a disciplinary policy in Pinellas county (sic) Schools that is firm, fair, and consistent." Also, the Code states that "[p]rincipals are authorized through Section 232.36 of the Florida Statutes to take positive action to discipline students who disrupt the school program." This Code clearly sets forth the official policy or custom of the School Board and authorizes school principals to act as final decision makers, subject to rights of appeal to the Director of School Operations/Area Superintendent, Superintendent of Schools, and the School Board with respect to the discipline of students who violate the Code.

Therefore, the Court finds that Plaintiff has satisfied the minimal pleading requirements necessary to state a cause of action under Section 1983 in Counts One, Two, Three, and Four of the First Amended Complaint against Defendant, THE SCHOOL BOARD OF PINELLAS COUNTY, and Defendants, LEE BENJAMIN, CORINNE FREEMAN, BARBARA CROCKETT, SUSAN LATVALA, LINDA S. LERNER, JOHN SANGUINER, ANDREA M. THACKER, J. HOWARD HINESLEY, NANCY S. ZAMBITO, and ED EVANS, in their individual capacities, as final decision makers with respect to disciplining students and deciding appeals of disciplinary actions in the Pinellas County School System.

IV. *COUNTS FIVE, SIX, SEVEN, AND EIGHT*

■ Plaintiff contends that the Code provision permitting referral to alcohol or drug treatment programs violates substantive due process, imposes a penalty not provided for by law in violation of the Florida Constitution, and violates Secs. 396.151 and 397.056, Florida Statutes (1992).

Counsel for both Plaintiff and Defendants have failed to provide this Court with a copy of Sec. 230.23(6)(c), Florida Statutes (1992), which sets forth the powers of county school boards in this State and encourages School Board's to include a provision for referral of students to alcohol and drug treatment as an alternative to expulsion and suspension in their disciplinary rules. This statute provides:

> 230.23 **Powers and duties of school board.**—The school board, acting as a board, shall exercise all powers and perform all duties listed below:
>
> (6) CHILD WELFARE.—Provide for the proper accounting for all children of school age, for the attendance and control of pupils at school, and for proper attention to health, safety, and other matters relating to the welfare of children in the following fields, as prescribed in chapter 232.
>
> . . . . .
>
> (c) *Control of pupils.*—Adopt rules and regulations for the control, discipline, suspension, and expulsion of pupils and decide all cases recommended for expulsion. Such rules shall clearly specify disciplinary action that shall be imposed if a student possesses alcoholic beverages or electronic telephone pagers or is involved in the illegal use, sale, or possession of controlled substances, as defined in chapter 893, on school property or while attending a school function. School boards are encouraged to include in these provisions alternatives to expulsion and suspension such as in-school suspension and guidelines on identification and referral of students to alcohol and substance abuse treatment agencies. . . .

It is the above statute, rather than the criminal provisions relied upon by Plaintiff, which is pertinent here.

Clearly, Plaintiff's claims in Counts Five, Six, and Seven with regard to illegal coercion to submit to alcohol and drug treatment must fail, since it is the expressed intent of the Legislature that students have the option of attending such programs as an alternative to suspension. The Court finds that the use of any alcohol or narcotics by a minor student is illegal, and that providing students with treatment and counseling is rationally related to the government's compelling interest in protecting minors from the dangers caused by the use and abuse of alcohol and drugs. Furthermore, the Code of Student Conduct

provides alcohol treatment as an option for the student, and does not under any circumstances coerce a student to attend a program. Also, the Code fails to specify which types of programs constitute "an approved drug or alcohol treatment program," and arguably, the treatment envisioned by this provision could be anywhere from a twenty-eight day treatment program for students suffering from alcoholism to attendance at an education program on the dangers of alcohol poisoning, overdose, drunk driving, etc. for students who do not require treatment for a medical problem. Therefore, Counts Five, Six, and Seven of Plaintiff's First Amended Complaint are dismissed with prejudice because they fail to state a cause of action under Florida law, and Count Eight is dismissed with prejudice since the referral of a student to an alcohol treatment program is a matter of choice by the parent or guardian of a student, rather than a sentence of imprisonment or penalty not provided for by law under Article I, Section 18 of the Florida Constitution.

## V. COUNT NINE

 Plaintiff contends that the Code of Student Conduct unreasonably stigmatizes students who use alcohol by categorizing their offenses as "illegal drug" offenses. The Code of Student conduct on its face, however, does not categorize alcohol as an illegal drug. Illegal drugs are merely part of this section, separated from the other items by a comma and not a colon as Plaintiff contends. This punctuation signifies that the items under this section are merely a laundry list of similar items which are subject to various degrees of punishment under this provision. This section appears to cover a lot of substances in addition to alcohol which may not meet a legislative definition of "illegal drugs," such as antibiotics, pain killers, and other prescription drugs. The Legislature has also added beepers and digital pagers to the list of items that students may not use or possess. *See*, Sec. 230.23, Florida Statutes (1992).

Plaintiff contends that the Legislature's definition of "illegal drugs" does not include alcohol, and that the inclusion of alcohol in the same category as narcotics unfairly stigmatizes Plaintiff and others who are pun-

ished for alcohol offenses. While the Legislature, by necessity, cannot include alcohol in its definition of "illegal drugs" under criminal statutes since the possession and use of alcohol is not illegal for adults, the Legislature has grouped alcohol with narcotics in other contexts. In the Florida Drug–Free Workplace Act, Sec. 112.0455, Florida Statutes (1992), the Legislature has included alcohol in the definition of "drugs" that are forbidden in government offices. This statute is more akin to the Code of Student Conduct since it is directed towards maintaining safety and discipline in an environment rather than imposing criminal sanctions. Therefore the grouping of alcohol and other substances with narcotics does not unreasonably stigmatize Plaintiff.

Furthermore, Plaintiff rationalizes that he has been stigmatized since, in his opinion, the consumption of alcohol by a minor does not rise to the same level as the use of the other substances included in this provision. This argument is disingenuous since alcohol possession and use by a minor is a criminal offense under Sec. 562.111, Florida Statutes (1991), and not a matter to be taken lightly by the School Board in its efforts to maintain a safe and disciplined educational atmosphere. Accordingly, Count Nine of Plaintiff's First Amended Complaint is dismissed with prejudice for failure to state a cause of action under Florida law. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss with respect to Plaintiff's claims against Defendants in their official capacities be **GRANTED** with prejudice; the Motion to Dismiss with respect to Plaintiff's claims against Defendants in their individual capacities be **DENIED**; the Motions to Dismiss of Defendants, in their individual capacities, and Defendant, THE SCHOOL BOARD OF PINELLAS COUNTY, with respect to Counts One, Two, Three, and Four be **DENIED**; and the Motions to Dismiss Counts Five, Six, Seven, Eight, and Nine of the First Amended Complaint be **GRANTED** with prejudice.