Terrence DENMARK, Plaintiff,

v.

LEE COUNTY, John McDougall, and Charles J. Schramm, Jr., Defendants.

No. 94–150–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

July 1, 1996.

James Sebastian Puccio, Puccio & Associates, Ft. Myers, FL, for plaintiff.

Robert M. Stoler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

## *ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendants John McDougall and Charles J. Schramm, Jr.'s Motions for Summary Judgment (Dkt. # 53–54) and response thereto (Dkt. # 60).

### *BACKGROUND*

Plaintiff Terrence Denmark (hereinafter "Denmark") has brought this cause of action against Defendants Lee County, John McDougall (hereinafter "McDougall"), and Charles J. Schramm, Jr. (hereinafter "Schramm") pursuant to 42 U.S.C. § 1983. Plaintiff alleges: 1) in Count I, that Defendants Schramm and McDougall have caused Plaintiff to be deprived of his constitutional rights; 2) Count II, that Defendant Schramm committed battery on the Plaintiff under the laws of the State of Florida; 3) Count III, that Defendant Schramm falsely imprisoned Plaintiff under the laws of the State of Florida; 4) Count IV, that Defendant Schramm falsely arrested Plaintiff under the laws of the State of Florida; and, 5) Count V, that Defendants Schramm and McDougall have subjected Plaintiff to "continuous intimidation and harassment." (Amended Complaint ¶ 40) Both Defendants, separately, seek Summary Judgment in this case.

Defendant Schramm seeks Summary Judgment against Plaintiff with respect to the claims against him in his individual capacity. Schramm argues that he is protected from suit by qualified immunity with regard to the § 1983 claims, that probable cause bars Plaintiff's state law claims for false arrest and false imprisonment, and that the use of reasonable force invalidates Plaintiff's battery claim. Both Defendants request oral argument on their motions.

Defendant McDougall also seeks Summary Judgement against Plaintiff with respect to the claims against him in his individual capacity. McDougall argues that he cannot be held individually liable for acts occurring outside of his presence, that little evidence supports Plaintiff's allegations of a policy or custom of the Lee County Sheriff's Office, and that he is protected from suit by qualified immunity.

### *FACTS*

The pertinent facts in this case are as follows:

Plaintiff, on or about May 8, 1991, at or around 2:30 a.m., was on Davis Street, just outside of Fort Myers, entering an area known to be littered with abandoned automobiles. Defendant Schramm, a deputy with the Lee County Sheriff's Department, arrived at the scene and shined his flashlight toward Plaintiff. Plaintiff alleges that, being startled, he began to run. Defendant Schramm, on foot, pursued and caught Plaintiff.

Plaintiff alleges that, on realizing Defendant Schramm was a Sheriff's deputy, he relaxed his body and submitted to Defendant Schramm's show of force. Defendant Schramm made Plaintiff lie on the ground and proceeded to restrain Plaintiff by applying a headlock and choke hold. Plaintiff alleges that the use of this choke hold by Defendant Schramm cut off Plaintiff' air intake, causing him to further relax his body. Plaintiff further alleges that Defendant Schramm beat Plaintiff on the head with his flashlight and threatened Plaintiff's life. Plaintiff then lost consciousness.

As a result of this incident, Plaintiff was arrested for Grand Theft Auto. However, Plaintiff alleges that this arrest was groundless, and that Defendants Schramm and

McDougall "knew or should have known that the Plaintiff could not be implicated in any illegal activity." (Complaint ¶ 18) Plaintiff was later found not guilty of Grand Theft Auto. In addition, Plaintiff alleges that he has been intimidated and harassed by the "friends, co-workers, and co-conspirators of Defendant Schramm and certain other deputies under the command of Defendant McDougall in an effort to cow Plaintiff into not vindicating his rights." (Complaint ¶ 40)

Plaintiff, on or about September 5, 1991, was arrested by the Lee County Sheriff's Department and charged with attempted murder. Plaintiff alleges that he was arrested by "co-workers and friends of Defendant Schramm and employees of Defendant McDougall who conspired together to arrest Plaintiff and charge him with crimes he did not commit," in an effort to see that Plaintiff was convicted and sent to jail so he would abandon any lawsuits against Defendants. (Complaint ¶ 40D) Further, Plaintiff alleges that "Defendants Schramm and McDougall knew of the ongoing efforts of other Deputy Sheriffs to arrest and prosecute the Plaintiff for crimes he did not necessarily commit and acted in concert to effectuate the repeated harassments, unlawful stops and arrests of the Plaintiff." (Complaint ¶ 40E) Plaintiff alleges that McDougall either approved or ratified Plaintiff's arrest, and that Defendants Schramm and McDougall knew or should have known of evidence proving Plaintiff's innocence of the Attempted Murder charge.

Plaintiff also alleges that Defendants Schramm and McDougall permitted the harassment and intimidation to continue, and that Defendant McDougall had the "power, right and duty to insure that the Deputies under his command followed a policy and procedure" that afforded those rights secured by the United States Constitution. (Amend.Comp. ¶ 40I) In addition, Defendants Schramm and McDougall, "separately and in concert, acted outside the scope of their jurisdiction and without authorization of law," and acted "willfully, knowingly and purposely, or in reckless disregard of Plaintiff's rights . . ." (Amend.Comp. ¶ 40J)

Defendant Schramm, in his affidavit filed with this Court, claims that he did not use excessive or unreasonable force, but rather the "minimum amount reasonably necessary in self-defense to stop [P]laintiff from his attempts to grab [his] gun." Schramm Affidavit ¶ 3. In addition, Defendant Schramm states that "[a]ny use of force was immediately terminated when [P]laintiff stopped his attempts to grab the gun and otherwise violently resist arrest." *Id.* Defendant Schramm further states that he has, "at no time . . . been involved in a conspiracy or taken any actions directed at harassment or intimidation of individuals, including [P]laintiff, for the purpose of abandoning lawsuits against [himself] or any other party." Schramm Aff. ¶ 4. In further support, Defendant Schramm submits certified copies of the Information and completed Jury Verdict Form in the State of Florida's prosecution against Plaintiff for Grand Theft Auto. Plaintiff, at that trial, was found guilty of resisting arrest without violence.

Defendant McDougall, in his affidavit filed with this Court, claims that he was not personally involved in the alleged altercation between Defendant Schramm and the Plaintiff, nor in Plaintiff's prosecution. Further, McDougall claims that it was both his and the Lee County Sheriff's Department's policy that: 1) officers "who unlawfully use excessive and unreasonable force, unlawfully detain or arrest individuals, or fail to prevent constitutional violations be disciplined and terminated from employment, if necessary,"; 2) "there exist an internal affairs investigation process in order to investigate allegations of wrongdoing,"; and 3) "to require law enforcement officers to undergo sufficient training and supervision which is in compliance with or beyond the standards dictated by the state of Florida." (McDougall Affidavit ¶ 4–5, 7)

Defendant McDougall states that it was neither his, nor the Lee County Sheriff's Department's policy, at any time, to: 1) "promote or allow representatives of the Sheriff's Office to use excessive or unreasonable force, unlawfully arrest citizens without probable cause, or promote individuals to act in conspiratorial concert to violate the constitutional

rights of citizens," or 2) "harass or intimidate individuals, including Plaintiff, for the purpose of abandoning lawsuits against this office or any other entity." (McDougall Aff. ¶ 8–9)

### *STANDARD OF REVIEW*

This Circuit clearly holds that summary judgement should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969)). Factual disputes preclude summary judgment.

### *DISCUSSION*

#### I. *Defendant Schramm's Motion for Summary Judgement*

Defendant Schramm seeks summary judgment against Plaintiff as to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, and as to the state law issues of false arrest, false imprisonment and battery.

#### A. *A Genuine Issue Exists to Preclude Summary Judgment for Defendant Schramm on Plaintiff's Section 1983 Claims.*

Defendant Schramm seeks summary judgment on Plaintiff's claims pursuant to 42 U.S.C. § 1983 on the basis of qualified immunity. Plaintiff, however, contends that Summary Judgment on this issue is improper because there is a factual dispute as to whether Defendant Schramm's conduct violated clearly established law.

In *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." This Circuit has adopted a two-pronged analysis for determining objective-reasonableness with regard to a qualified immunity defense. *See Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir.1991).

Initially, the "defendant public official must first prove that 'he was acting within the scope his discretionary authority when the allegedly wrongful acts occurred.'" *Id.* (citing *Rich v. Dollar,* 841 F.2d 1558, 1563–64 (11th Cir.1988) (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir.1983) (per curiam)). In this case, there is no dispute that Defendant Schramm was clearly acting within the scope of his discretionary authority when the alleged wrongful acts occurred. "It is axiomatic that a law enforcement officer has the discretionary authority to pursue and apprehend a fleeing suspected offender." *Adams v. St. Lucie County Sheriff's Dept.,* 962 F.2d 1563, 1568 (11th Cir.1992) (rehearing granted *en banc* ) 982 F.2d 472) (reversed on other grounds 998 F.2d 923).

The next prong of the qualified immunity defense states:

> [o]nce the defendant public official satisfies his burden of moving forward with the evidence, the burden shifts to the plaintiff to show lack of good faith on the defendant's part. This burden is met by proof demonstrating that the defendant public official's actions "violated clearly established constitutional law."

*Courson,* 939 F.2d 1479, 1487 (citing *Rich v. Dollar,* 841 F.2d 1558, 1563–64 (11th Cir. 1988) (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir.1983) (per curiam))). This second prong is further divided into "two analytical subparts." *Id.* (citing *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985)).

The first subpart requires that the reviewing court "decide whether the applicable law was clearly established when the governmental action in question occurred." *Id.* (citing *Rich,* 841 F.2d at 1563–64) (quoting *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738). To be "clearly established," "[t]he contours of the right [that the official is

alleged to have violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

Plaintiff claims that Defendant Schramm, in using excessive force, violated Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments. In *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989), the Court, referring to the excessive use of force to effect arrest, recognized that the "Fourth Amendment provides an explicit textual source of constitutional protection against th[at] sort of physically intrusive conduct . . ." Furthermore, under § 776.05, Fla. Stat. (1991), only that force which is reasonably necessary to defend against bodily harm while making the arrest is justified. Therefore, the applicable law was clearly established when Defendant Schramm's alleged conduct occurred, such that Defendant Schramm should reasonably be aware that any conduct which exceeded this boundary would violate Plaintiff's constitutional rights.

The second subpart requires that the court "determine whether there is a genuine issue of fact concerning the government official's conduct being in violation of clearly established law." *Courson,* 939 F.2d at 1488 (citing *Rich,* 841 F.2d at 1563–65) (citing *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816). Defendant Schramm contends that, during the altercation, any force used was the "minimum amount that was reasonably necessary in self-defense to stop [Plaintiff's] attempts to grab [Defendant Schramm's] gun." (Schramm Aff. ¶ 4) Further, "any use of force was immediately terminated when [P]laintiff stopped his attempts to grab the gun and otherwise violently resist arrest." *Id.*

Plaintiff, however, contends that, when "Plaintiff approached Defendant Schramm, Schramm immediately placed him in a headlock and began beating him in the head for no apparent reason." (Plaintiff's Opposition at 3 (citing Nygaard Dep. at 12)) Further, Plaintiff states that, according to Defendant Schramm's deposition, Defendant Schramm "maintained a headlock on Plaintiff throughout the altercation even though Plaintiff twice stated, 'I'm not going to fight. It's over. I give up.'" (Plaintiff's Opp. at 3 (citing Schramm Dep. at 33–34)) It is subsequent to this statement that Defendant Schramm allegedly "beat Plaintiff repeatedly in the head with his flashlight while still holding Plaintiff in a headlock." *Id.*

Therefore, viewing the evidence in the light most favorable to the non-moving party, there is a genuine issue of material fact as to whether Defendant Schramm's conduct violated Plaintiff's constitutional rights. As such, summary judgement for Defendant Schramm as to Plaintiff's Sec. 1983 claims is improper.

### B. *No Genuine Issue Exists to Preclude Summary Judgment for Defendant Schramm on Plaintiff's State Law False Arrest and False Imprisonment Claims.*

Defendant Schramm seeks summary judgment on Plaintiff's state law claims of False Arrest and False Imprisonment on the basis that probable cause bars these claims. As support for Defendant Schramm's claim that probable cause existed to arrest Plaintiff, Defendant Schramm, in addition to his Affidavit, has filed with this Court a certified copy of the Verdict Form from the criminal prosecution of Plaintiff arising from the May 8, 1991 incident.

Plaintiff has filed no affidavits and has, in fact, failed to directly address the issue of false arrest in Plaintiff's Memorandum in Opposition. However, Plaintiff, in his Amended Complaint, alleges that the arrest resulting from the May 8, 1991, incident was "groundless, vindictive and without the support of evidence," (Amend.Comp. ¶ 18), and that Defendant Schramm's actions constituted False Imprisonment under Florida law.

In *LeGrand v. Dean,* 564 So.2d 510, 512 (5th DCA 1990), the court stated that:

> [T]he standard for determining probable cause to arrest is what a reasonable person would believe knowing all the facts known to the officer. *Rogers v. State,* [158 Fla. 582, 158 Fla. 790] 30 So.2d 625 (1947) . . .

What facts and circumstances constitute probable cause is a pure question of law; whether they exist is a pure question of fact. *City of Jacksonville v. Alexander,* 487 So.2d 1144 (1st DCA 1986). The question of whether probable cause exists is thus a jury issue only when material facts are in controversy. *Glass v. Parrish,* 51 So.2d 717 (Fla.1951). "Probable cause exists where the facts and circumstances, as analyzed from the officer's knowledge, specialized training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed."

*LeGrand,* 564 So.2d at 513 (Griffin concurring specially) (quoting *Cross v. State* 432 So.2d 780 (3d DCA 1983)).

Neither Plaintiff nor Defendant Schramm contest that Plaintiff began to run when Defendant Schramm arrived on the scene. Plaintiff's flight, in Defendant Schramm's experience, could reasonably lead Defendant Schramm to believe that Plaintiff had committed a crime.

Furthermore, although Plaintiff was subsequently found not guilty on the two counts of Grand Theft Auto, Plaintiff was convicted by a jury of Resisting an Officer Without Violence pursuant to § 843.02, Fla.Stat. (1991). Plaintiff was, therefore, found to have resisted, obstructed or opposed Defendant Schramm in the lawful execution of Defendant Schramm's legal duty. Because resisting a police officer is unlawful conduct, such conduct provides probable cause for an arrest.

Additionally, pursuant to § 787.02, Fla.Stat. (1990) (emphasis added), the term false imprisonment means "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person *without lawful authority* and against his will ..." Because the arrest of an individual necessarily involves the restraint of that individual, it follows that an officer with lawful authority to arrest an individual also has the lawful authority to restrain that individual. In *Bettez v. City of Miami,* 510 So.2d 1242, 1243, in which an action was brought against the City for false arrest, false imprisonment, and malicious prosecution, the court, held that where "the police had ample probable cause to arrest the plaintiff and, subsequently, to seek to have the plaintiff criminally prosecuted[,] a summary judgement for the defendant ..." was proper.

While Plaintiff argues that there is an issue as to whether Defendant Schramm's use of force was justified, Plaintiff offers no evidence that Plaintiff's actions on May 8, 1991 failed to provide Defendant Schramm with the probable cause necessary to arrest Plaintiff and subsequently restrain Plaintiff against his will. The factual dispute relates solely the amount of force used to restrain Plaintiff as opposed to whether Defendant Schramm lawfully was permitted to restrain Plaintiff.

Because, in the light most favorable to the non-moving party, there is no genuine issue of material fact as to whether Defendant Schramm had probable cause to arrest and subsequently restrain Plaintiff, summary judgment for Defendant Schramm as to Plaintiff's state claims for False Arrest and False Imprisonment is proper.

### C. *A Genuine Issue Exists to Preclude Summary Judgment for Defendant Schramm on Plaintiff's State Law Battery Claim.*

Defendant Schramm seeks Summary Judgement as to Plaintiff's state law battery claim. Defendant Schramm contends that, because he used the minimum amount of force necessary in this situation, his actions were justified pursuant to § 776.05, Fla.Stat. (1991). Plaintiff, however, contends that a factual dispute exists whether Defendant Schramm was justified in his actions. Pursuant to Florida Statute:

> A law enforcement officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force: (1) *Which he reasonably believes to*

*be necessary to defend himself* or another from bodily harm while making the arrest.

§ 776.05, Fla.Stat. (1991) (emphasis added). In this case, a factual dispute exists as to "when and why Defendant Schramm believed Plaintiff attempted to reach the deputy's weapon as well as whether, given the relative position of the parties on the ground, the Plaintiff could have reached the deputy's weapon." (Plaintiff's Opp. at 2)

Therefore, a genuine issue of material fact exists as to whether Defendant Schramm's use of force was justified by a reasonable belief that it was necessary to defend himself. Because a jury could find that such a belief was unreasonable under the circumstances, summary judgment is improper.

### II. *Defendant McDougall's Motion for Summary Judgement*

Defendant McDougall seeks summary judgment as to Plaintiff's claims against Defendant McDougall in his individual capacity brought pursuant to 42 U.S.C. § 1983 because 1) Defendant McDougall was not present when Schramm's alleged unconstitutional conduct occurred; 2) Defendant McDougall is immune from suit, and; 3) Plaintiff has failed to provide evidence to support Plaintiff's claim that the alleged incident occurred pursuant to a custom or policy of the Lee County Sheriff's Office

In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, the Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Defendant McDougall cites several cases for the proposition that, under *Monell,* "suits against officials in their individual capacity cannot succeed absent proof of some degree of personal involvement in the alleged deprivation of rights." *McDonald v. Dunning,* 760 F.Supp. 1156, 1160 (E.D.Va.1991). Therefore, Defendant McDougall claims that he cannot be held personally liable for the actions of others which occurred outside his presence. *See Rasmussen v. Larson,* 863 F.2d 603 (8th Cir.1988); *Handle v. City of Little Rock,* 772 F.Supp. 434. However, these cases are not binding on this Court. Further, it is unnecessary to decide the issue of whether Defendant McDougall may be held liable under § 1983 for the alleged actions of Defendant Schramm that occurred outside Defendant McDougall's presence because Defendant McDougall may be independently liable.

This circuit, in *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990), recognized that, pursuant to *Monell,* "supervisory personnel cannot beheld liable under section 1983 for the acts of their subordinates under the doctrine of respondeat superior." The court, however, stated that this "does not preclude an inquiry into whether [a] supervisor[ ] [was] independently liable under section 1983." *Id.* But because the use of a negligence standard to determine liability "would result in de facto respondeat superior liability ..., the official is immune under Harlow unless a reasonable person in [the supervisor's] position would know that his own conduct infringed a constitutional right of the plaintiff." *Id.* The *Greason* court ruled that:

> [C]ourts must apply a three-prong test to determine a supervisor's liability: (1) whether, in failing adequately to train and supervise subordinates, [the supervisor] was deliberately indifferent ...; (2) whether a reasonable person in the supervisor's position would know that his failure to train and supervise reflected deliberate indifference; and (3) whether [the supervisor's] conduct was causally related to the constitutional infringement by his subordinate.

*Greason,* 891 F.2d at 836–37. Defendant McDougall contends that it is the policy of both he and the Lee County Sheriff's Office to "require law enforcement officers to undergo sufficient training and supervision which is in compliance with or beyond the standards dictated by the State of Florida." (McDougall Aff. ¶ 7)

Plaintiff sets forth the following evidence in support of his contention that Defendant McDougall failed to adequately train and supervise his subordinates:

> In his affidavit, Defendant McDougall avers that his officers must undergo sufficient training and supervision to be in compliance with state standards. Howev-

839 of these — I mean —

er, no mention is made concerning retraining or re-certification or policies controlling those areas. Indeed, Defendant Schramm admitted that he did not carry a night stick on the night of the incident in question, since his certification had lapsed. Instead, Defendant Schramm substituted his flashlight to strike the Plaintiff.

According to Defendant Schramm and Sergeant Nygaard, it is common knowledge with the Office, that Dunbar is a high crime area. However, no additional training is provided those officers assigned to Dunbar. While it is a preference to have two man patrols, this occurs less than fifty percent of the time. On the night in question, Deputy Schramm did not call for backup while pursuing the Plaintiff because he knew no one was available due to short staffing.

Plaintiff's Opp. at 8–9.

■ In viewing the evidence presented in the light most favorable to the non-moving party, a jury might reasonably find that 1) Defendant McDougall failed to adequately train and supervise his subordinates; 2) his awareness of his officers' scheduling and their level of training, as well as the common knowledge that Dunbar is a high crime area, constituted deliberate indifference; 3) a reasonable person in Defendant McDougall's position would know that his failure to adequately train and supervise would constitute deliberate indifference, and; 4) McDougall's conduct was causally related to the infringement on Plaintiff's constitutional rights because of McDougall's failure to remedy the situation. Consequently, a jury might find that Defendant McDougall, independently, violated Plaintiff's constitutional rights. Whether Defendant McDougall's conduct "actually constituted deliberate indifference and was causally related to the violation of [Plaintiff's] rights is a factual question." *Greason,* 891 F.2d at 840.

■ Defendant McDougall further claims that Plaintiff's lack of evidence to support Plaintiff's claim that the alleged incident occurred pursuant to Lee County Sheriff's Office custom or policy provides a basis for summary judgment. Defendant McDougall's individual liability under § 1983, however, is not dependent upon evidence of custom or policy.

In *Owens v. City of Atlanta,* 780 F.2d 1564, 1566 (11th Cir.1986), the court held that the trial court's jury instruction "that the defendants could not be held liable under section 1983 for 'mere negligence of delinquency,'" was correct. The court found this to be consistent with the former Fifth Circuit's decision in *Williams v. Kelley,* 624 F.2d 695 (5th Cir.1980), which held that negligent conduct "did not constitute 'the sort of abuse of government power' that is cognizable under section 1983." *Owens,* 780 F.2d at 1566 (quoting *Williams,* 624 F.2d at 698).

■ Plaintiff's evidence supports more than mere negligence. Deliberate indifference implies knowledge, and knowledge constitutes conduct above that of mere negligence. Thus, this Court need not decide whether there is a factual dispute regarding the Lee County's Sheriff's Office custom and policy. However, there being a genuine issue of material fact regarding whether Defendant McDougall failed to adequately train his subordinates such that he acted with deliberate indifference, summary judgment for Defendant McDougall on the issue of qualified immunity is improper. Accordingly, it is

**ORDERED** that Defendant Schramm's Motion for Summary Judgment as to Plaintiff's claims under 42 U.S.C. § 1983, and Plaintiff's claim for state law battery be **DENIED.** It is further

**ORDERED** that Defendant Schramm's Motion for Summary Judgment as to Plaintiff's state law claims of false arrest and false imprisonment be **GRANTED.** It is further

**ORDERED** that Defendant McDougall's Motion for Summary Judgment as to Plaintiff's claims against Defendant McDougall in his individual capacity under 42 U.S.C. § 1983 be **DENIED.**

**DONE AND ORDERED.**